UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00214-FDW-SCR

| FATIHAA CARROLL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CARMAX BUSINESS SERVICES, LLC, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 3] and on Plaintiff's Amended Motion to Proceed in Forma Pauperis [Doc. 5].

## I. BACKGROUND

Pro se Plaintiff Fatihaa Carroll ("Plaintiff") filed this action on April 13, 2023, for violation of her rights under the North Carolina Retaliatory Employment Discrimination Act (REDA), N.C. Gen. Stat. § 95-41, and under "North Carolina Defamation Law." [Doc. 3 at 3]. Plaintiff names CarMax Business Service, LLC, ("CarMax") and three individuals identified as employees of CarMax, all alleged to reside in North Carolina, as Defendants in this matter. [Id. at 2-3]. Plaintiff alleges as follows. On December 12, 2022, Plaintiff's "shift lead" at Defendant CarMax "assaulted" her when he took control of her computer mouse "by pushing her," launching the mouse across the room. Plaintiff reported the incident to regional asset protection leader, Johnathan Jones, and department supervisor, Rob Quinn, in a recorded video conference. On January 5, 2023, Plaintiff was told that she was terminated because of the incident she reported and because she "is now a liability to the company." The male shift lead remains employed at

CarMax. Representatives of CarMax continue to refer to Plaintiff as "disrespectful, uncooperative, and hard to work with" to third parties, including in a sworn statement to the North Carolina Department of Commerce Division of Employment Security. Plaintiff has been unable to secure employment since the incident and is suffering from emotional distress. [Doc. 3 at 7]. The Equal Employment Opportunity Commission (EEOC) issued Plaintiff a right to sue letter on April 19, 2023, the day after Plaintiff filed her Complaint. [Doc. 4].

For relief, Plaintiff seeks compensatory and punitive damages and the costs of this action. [Doc. 3 at 6].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. Plaintiff's affidavit shows that she had an average monthly income of $2,480.00 for the past twelve months and that she expects to receive $1,680.00 in income next month. [Doc. 5 at 1-2]. Plaintiff reports having no cash, a total of $1,300.00 in two bank accounts, and no other assets. [Id. at 3]. Plaintiff reports that no one relies on her for support. [Id. at 3]. Plaintiff reports that she has $2,075.00 in monthly expenses. [Id. at 4-5]. Plaintiff reports that she cannot pay the cost of these proceedings because she is a low income, full-time student at South Piedmont Community College pursuing a degree that mandates entry-level students have 60 days of internship experience at a law firm and she currently works for DoorDash. [Id. at 5]. The Court is satisfied that Plaintiff does not currently have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or]

2

Case 3:23-cv-00214-FDW-SCR   Document 6   Filed 05/31/23   Page 2 of 4

fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff errantly claims that this Court has jurisdiction under the REDA and "North Carolina defamation law." These claims are matters of state, not federal, law. The Court, therefore, lacks federal question jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1331. Moreover, there is no diversity among the parties here for purposes of jurisdiction under 28 U.S.C. § 1332. That is, Plaintiff sues three individual Defendants alleged to be citizens of North Carolina. This Court, therefore, has no diversity jurisdiction over Plaintiff's Complaint. See 28 U.S.C. § 1332(a). Because the Court lacks jurisdiction over Plaintiff's claims, the Court will dismiss Plaintiff's Complaint without prejudice to Plaintiff filing this action in state court, if at all.

## IV. CONCLUSION

In sum, the Court dismisses this action without prejudice to Plaintiff filing this action in state court, if she so chooses.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** without prejudice in accordance with the terms of this Order.

2. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 4] is **GRANTED** for the limited

3

purpose of initial review.

Signed: May 30, 2023

Frank D. Whitney
United States District Judge